UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: KIRKLAND LAKE GOLD LTD. SECURITIES LITIGATION | Case No. 1:20-cv-04953<br><br>Judge: Hon. J. Paul Oetken |

**STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIAL**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY STIPULATED AND AGREED, by and among plaintiff Stephen Brahms ("Plaintiff") and defendants Kirkland Lake Gold Ltd. and Anthony Makuch (collectively, "Defendants") (each a "Party," and collectively, the "Parties"), by and through their undersigned counsel that:

**I.   Definitions**

A.   "Discovery Material" means all documents, items or other information, regardless of medium or manner generated, stored, or maintained, that are produced or generated in disclosures or responses to discovery in the above-captioned action (the "Action"). Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Party or non-party, and responses to requests for admission.

B.   "Confidential" " means, with respect to Discovery Material, that the Designating Party believes in good faith that such Discovery Material contains: (1) non-public information that may reveal a trade secret or other confidential research, development, or commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(1)(G); (2) information that is subject to a confidentiality obligation to a third party; (3) personally identifiable information ("PII"), including

1

an individual's name, address, phone number, email address, date of birth, driver's license or other government identification number; and (4) financial account or banking information regardless of whether PII is included.

C. "Highly Confidential" means extremely sensitive Confidential information, such as highly sensitive proprietary business information, a trade secret, or other sensitive commercial, personal, or secret financial information, the disclosure of which could result in serious harm that cannot be avoided by less restrictive means than designation as Highly Confidential.

D. "Confidential Discovery Material" means any Discovery Material designated as "Confidential" or "Highly Confidential."

E. "Designating Party" means the Party or third party that designates Discovery Material as Confidential Discovery Material in this Action.

F. "Producing Party" means the Party or third party that produces Discovery Material in this Action.

G. "Receiving Party" means a Party that receives Discovery Material from a Producing Party in this Action.

**II. Designating Confidential Discovery Material**

A. Any Producing Party may designate Discovery Material as Confidential Discovery Material, and such material shall be treated in accordance with the provisions of this order.

B. Confidential Discovery Material shall be prominently marked and stamped with "Confidential" or "Highly Confidential" as follows:

1. <u>Transcripts</u>: in the case of deposition or other pretrial testimony, a Party seeking to designate any portion of the testimony as Confidential Discovery Material shall either: (i) make a statement on the record at the time of the disclosure; or (ii) send, within fourteen (14) days after

such Party's receipt of the final transcript of the testimony, a written notice to counsel for all Parties to this litigation indicating the page and line number(s) of the testimony to which the "Confidential" or "Highly Confidential" designation applies. In both of the foregoing instances, the Designating Party shall direct the court reporter to affix the legend "Confidential" or "Highly Confidential" to the first page and all designated portions of the transcript. The Parties shall treat deposition testimony as Highly Confidential during the fourteen (14) days following the Parties' receipt of the final transcript.

2. <u>Interrogatories</u>: in the case of interrogatory responses, the Producing Party shall (i) state in the main body of responses that the interrogatory at issue requests Confidential or Highly Confidential information, (ii) set forth the response to the interrogatory at issue in an addendum attached to the main body of responses and (iii) affix the legend "Confidential" or "Highly Confidential" to each page of that addendum.

3. <u>Discovery Materials</u>: in the case of Discovery Materials produced electronically, the Producing Party shall affix the legend "Confidential" or "Highly Confidential" to each page or unit of material (or, in the case of native files, to a slip sheet image file with the corresponding Bates number). For Discovery Materials produced in hard copy, the Producing Party shall affix the legend "Confidential" or "Highly Confidential" to each page so designated.

4. If timely corrected, an inadvertent failure to designate Confidential Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation and Order. No Party shall be found to have violated this Stipulation and Order for failing to maintain the confidentiality of material during a time when

that material has not been designated Confidential or Highly Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential.

### III.     Use of Discovery Material

A.     Discovery Material, information derived from Discovery Material, and any other documents or materials reflecting or disclosing Discovery Material may only be used in this Action and shall not be used for any other purpose.

B.     Discovery Material that has been designated as "Confidential" may be disclosed only in accordance with the provisions of this Stipulation and Order, and only to:

1. The Court and Court personnel, as appropriate;

2. (a) Actual witnesses or deponents in this Action and their counsel during the course of a deposition, hearing or at trial; or (b) persons whom a Party's counsel believes in good faith may be a deponent or trial fact witnesses, and their counsel, provided that the Party's counsel believes in good faith that such disclosure is reasonably necessary to prepare such person to testify;

3. Each Party and its employees, officers, directors, representatives, members, and affiliates, provided that such persons are assisting the Party with, or otherwise involved in, this litigation;

4. Each person identified in the Discovery Material designated as "Confidential" that is reasonably and in good faith believed likely to have knowledge of the subject matter of the Discovery Material designated as "Confidential";

5. Court reporters or videographers employed in connection with this Action;

6. Professional jury or trial consultants, mock jurors, and professional vendors, employed in connection with this litigation;

7. Counsel for the Parties, including in-house and outside counsel, legal assistants, and other staff;

8. Any mediator(s) or settlement officer, and their supporting personnel mutually agreed upon by any of the parties engaged in settlement discussions;

9. Experts, including necessary staff, retained by a Party or its counsel in connection with this litigation; and

10. Any other person only upon order of the Court or with the written agreement of the Parties.

C. Discovery Material that has been designated as "Highly Confidential" may be disclosed only in accordance with the provisions of this Stipulation and Order, and only to:

1. The Court and Court personnel, as appropriate;

2. Actual deponents or witnesses in this Action and their counsel during the course of a deposition, hearing or at trial;

3. Each person identified in the Discovery Material designated as "Highly Confidential" that is reasonably and in good faith believed likely to have knowledge of the subject matter of the Discovery Material designated as "Highly Confidential";

4. Court reporters or videographers employed in connection with this Action;

5. Professional jury or trial consultants, mock jurors, and professional vendors, employed in connection with this litigation;

6. Counsel for the Parties, including in-house and outside counsel, legal assistants, and other staff;

7. Any mediator(s) or settlement officer, and their supporting personnel mutually agreed upon by any of the parties engaged in settlement discussions;

8. Experts, including necessary staff, retained by a Party or its counsel in connection with this litigation; and

9. Any other person only upon order of the Court or with the written agreement of the Parties.

D. Any person given access to Confidential Discovery Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Discovery Material shall be advised that it is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed by any person other than pursuant to its terms.

E. Persons listed in Section III.B.2, 6, and 8-9 and Section III.C.2, 5, and 7-8 shall execute a copy of the Certification attached to this Stipulation and Order before being provided with access to Confidential Discovery Material or information derived from Confidential Discovery Material.

F. A Party or third party seeking to present Confidential Discovery Materials to the Court, whether in a filing, at a hearing, or otherwise, shall redact those documents or make a good faith effort to have them filed under seal in accordance with Rule 2.E of the Court's Individual Rules and Practices in Civil Cases.

G. Any Party may challenge, at any time, the designation of Discovery Material as Confidential Discovery Material by providing written notice to the Designating Party identifying the Discovery Material it challenges and the basis for the challenge.

H. Within seven (7) days of receiving such notice, the Designating Party shall meet and confer with the challenging Party in good faith to resolve this dispute. If the challenge cannot be resolved on an informal basis, either the Receiving Party or the Designating Party may apply to the Court for an appropriate ruling within (7) days of the Parties reaching an impasse. The Designating Party has the burden to show good cause for the "Confidential" or "Highly Confidential" designation. Should any such application be filed, the application shall be filed with the Court under seal pursuant to Rule 2.E of the Court's Individual Rules and Practices in Civil Cases.  Pending the resolution of any such dispute, the Parties shall continue to treat the materials as "Confidential" or "Highly Confidential" (as the case may be).

I. If the Designating Party fails to make a motion or application for continuing the Confidential designation within thirty (30) days of the parties' reaching an impasse pursuant to the procedures set forth in Paragraph III.G-H, the Discovery Material at issue shall be deemed non-confidential and no longer subject to the protections of this Stipulation and Order.

J. Any person receiving Confidential Discovery Material shall exercise reasonable care to prevent any disclosure of such Confidential Discovery Material other than pursuant to the provisions of this Stipulation and Order.

K.      Confidential Discovery Material which is disclosed in contravention of the provisions of this Stipulation and Order (through inadvertence or otherwise) shall continue to be protected by these provisions. Upon learning of the disclosure of Confidential Discovery Material in contravention of the provisions of this Stipulation and Order, the person that made the disclosure shall promptly: (i) give written notice of the disclosure to the Producing Party, which shall include a specific description of the improperly disclosed Confidential Discovery Material; (ii) give written notice to the recipient of the improperly disclosed Confidential Discovery Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Stipulation and Order and request that the Improper Recipient sign a copy of the attached Certification; (iv) give written notice to the Producing Party of the Improper Recipient's response to this request; (v) make reasonable good faith efforts to retrieve the improperly disclosed Confidential Discovery Material and all copies; and (vi) give written notice to the Producing Party of the result of such efforts. The Producing Party's rights and remedies with respect to any such improper disclosure are hereby reserved.

L.      If any person having received Confidential Discovery Material (the "Recipient"): (a) is subpoenaed in another action, (b) is served with a discovery demand in another action, (c) is served with any other legal process by a non-party to this litigation, or (d) otherwise receives a request from a non-party to this litigation, seeking Confidential Discovery Material, the Recipient shall, unless prohibited by law, provide written notice within three (3) business days of receipt of such subpoena, demand, legal process or request, to the Producing Party's counsel, who may seek a protective order or otherwise seek to preclude disclosure of the Confidential Discovery Material. Should the person seeking access to the Confidential Discovery Material take any action against the Recipient to enforce such subpoena, demand, other legal process or request, the Recipient shall

respond by setting forth the existence of this Stipulation and Order. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Discovery Material, to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**IV.     Privileged Material**

A.      Pursuant to Fed. R. Evid. 502(d), the Court hereby orders if a Producing Party discloses information in connection with this Action that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Protected Discovery Material"), the disclosure of that Protected Discovery Material will not constitute or be deemed a waiver or forfeiture—in this Action or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Discovery Material and its subject matter.

B.      If at any time prior to trial a Producing Party determines that it has produced or disclosed Protected Discovery Material, it shall promptly, either in writing or on the record at a deposition or court hearing, notify the Receiving Party of the disclosure (the "Protected Material Notice"). Upon receipt of the Protected Material Notice, the Receiving Party shall return sequester, delete or destroy all copies of the Protected Discovery Material identified in the notice and, upon request of the Producing Party, shall provide a written representation of the same to the Producing Party within fourteen (14) days. For purposes of this Section IV.B, Protected Discovery Material that is not reasonably accessible because of undue burden or cost shall be deemed sequestered. Within fourteen (14) days after the notification that Protected Discovery Material has been returned, sequestered, deleted, or destroyed, the Producing Party shall provide a privilege log in

the format agreed upon by the Parties in the Protocol for the Production of Electronically Stored Information entered in this Action.

      C.      If the Receiving Party disputes that the Protected Discovery Material identified in the Protected Material Notice is entitled to privilege or work-product protection, the Receiving Party shall notify the Producing Party of its objection within seven (7) days of its receipt of the Protected Material Notice.  If the Parties cannot resolve the dispute informally after meeting and conferring in good faith, either Party may apply to the Court for an appropriate ruling. The motion shall be redacted or filed under seal in accordance with Rule 2.E of the Court's Individual Rules and Practices in Civil Cases, if necessary, and shall not assert the fact that the Protected Discovery Material was produced in this Action as grounds for ordering production of the documents or information.

      D.      In the event one of the Parties makes an application in connection with Section IV.C, the Party claiming privilege or work product protection retains the burden of establishing the privileged or protected nature of any Protected Discovery Material. Nothing in this section shall limit the right of any Party or non-party to petition the Court for *in camera* review of the Protected Discovery Material.

      E.      Notwithstanding Paragraphs IV.A-C above, (a) a Producing Party may claw back Discovery Material used by another Party during in a live deposition or pre-trial proceeding only if the claw-back request is made contemporaneously with that Confidential Material's use in that deposition or proceeding; or (b) a Producing Party may claw back Discovery Material filed by another Party with the Court only if it does so within seven (7) days of receiving that filing. In the event that a Producing Party seeks to claw back discovery material later than 30 days before the close of fact discovery, the Receiving Party may, upon a showing that it has prepared its case in

reliance on the claw-backed Protected Discovery Material, seek an extension or reopening (as the case may be) of fact discovery for the limited purpose of seeking appropriate additional discovery.

**V.     Duties Upon Termination**

A.     Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this litigation, including all appeals, all persons having received Discovery Material shall, upon written request by the Producing Party, make a good faith, commercially reasonable effort to either: (a) return such Discovery Material and copies thereof (including summaries and excerpts) to counsel for the Producing Party; or (b) destroy such Discovery Material and certify that fact to the Producing Party. Outside counsel for the Parties to this litigation shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including work product containing or incorporating Discovery Material), provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition and trial transcripts, or attorney work product to any person except pursuant to court order or agreement with the Producing Party. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

B.     This Stipulation and Order shall continue to be binding after the conclusion of the litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the permission of the Producing Party or further order of this Court with respect to dissolution or modification of this Stipulation. The provisions of this Stipulation and Order shall, absent prior written consent of the Parties, continue to be binding after the conclusion of this Action.

**VI.    Modification**

A.     This Stipulation and Order may be altered or modified only by written agreement

among all of the Parties or by order of the Court upon motion by any Party. A Party seeking to modify, extend or terminate shall notify opposing counsel, and counsel shall meet and confer concerning the proposed modification, extension or termination within ten (10) business days of any request for same. If the Parties cannot reach agreement after meeting and conferring in good faith, the Party seeking such modification, extension or termination shall within ten (10) business days of the expiration of the meet and confer period, as extended if applicable, file a motion with the Court to resolve the dispute. Nothing in this section shall limit the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any of its provisions by properly noticed motion to the Court or to challenge any designations of confidentiality as appropriate under applicable law.

## VII. Miscellaneous

A. This Stipulation and Order may be executed in counterparts which together shall constitute one document. Any Party added by name to this case after the "so ordering" of this Stipulation and Order shall be bound by it without having to execute it.

STIPULATED TO:

| **LOWEY DANNENBERG P.C.** | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
|---|---|
| *[signature]* | *[signature]* |
| Christian Levis | Richard A. Rosen |
| Andrea Farah | Justin D. Ward |
| David Harrison | 1285 Avenue of the Americas |
| 44 South Broadway, Suite 1100 | New York, NY 10019 |
| White Plains, NY 10601 | Tel.: (212) 373-3000 |
| Tel.: (914) 997-0500 | Fax: (212) 757-3990 |
| Fax: (914) 997-0035 | Email: rrosen@paulweiss.com |
| Email: clevis@lowey.com | jward@paulweiss.com |
| afarah@lowey.com | |
| dharrison@lowey.com | |
| | *Counsel for Defendants* |
| *Counsel for Lead Plaintiff* | |

11

Dated: New York, New York

     <u> Feb. 9       </u>, 2022

                                                                       SO ORDERED.

                                                               _____
                                                                      J. PAUL OETKEN
                                                               United States District Judge

**CERTIFICATION**

I _____, a resident of _____ hereby certify that I have read the attached Stipulation and Order that was entered by the United States District Court for the Southern District of New York in the case of *In re: Kirkland Lake Gold Ltd. Sec. Litig.*, No. 1:20-cv-04953 (S.D.N.Y.). I hereby agree to be bound by the terms of the Stipulation and Order.

For purposes of enforcing the Stipulation and Order, I hereby agree to be subject to the jurisdiction of the United States District Court for the Southern District of New York. I understand that violation of the Stipulation and Order is punishable by contempt of Court.

Signature: _____     Dated: _____